1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

REDMAN COLLINS,                                  )        No. C 11-0442 JSW (PR)
                                                 )
                Plaintiff,                       )        **ORDER PROVIDING**
                                                 )        **PLAINTIFF NOTICE AND**
        v.                                       )        **WARNING; SCHEDULING**
                                                 )        **SUPPLEMENTAL BRIEFING**
ALAMEDA COUNTY SHERIFF'S                          )
DEPARTMENT,                                       )
                                                 )
                Defendant.                       )
_____ )

Plaintiff, a California prisoner, filed this pro se civil rights action under 42 U.S.C.

§ 1983.  Defendants have filed a motion for summary judgment, which Plaintiff has not

opposed.  Pursuant to *Woods v. Carey*, No. 09-15548, slip op. 7871, 7884-85 (9th Cir.

July 6, 2012), the following notices and warnings are provided to Plaintiff a second time.

Plaintiff must read the following "NOTICE -- WARNING (SUMMARY

JUDGMENT)," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952,

953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th

Cir. 1988).  To the extent defendants argue that Plaintiff failed to exhaust his

administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should also read

the "NOTICE -- WARNING (EXHAUSTION)" which is provided to him pursuant to

*Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003):

1        **NOTICE -- WARNING (SUMMARY JUDGMENT)**

2        If defendants move for summary judgment, they are seeking to have your case

3   dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil

4   Procedure will, if granted, end your case.

5        Rule 56 tells you what you must do in order to oppose a motion for summary

6   judgment. Generally, summary judgment must be granted when there is no genuine issue

7   of material fact--that is, if there is no real dispute about any fact that would affect the

8   result of your case, the party who asked for summary judgment is entitled to judgment as

9   a matter of law, which will end your case. When a party you are suing makes a motion

10  for summary judgment that is properly supported by declarations (or other sworn

11  testimony), you cannot simply rely on what your complaint says. Instead, you must set

12  out specific facts in declarations, depositions, answers to interrogatories, or authenticated

13  documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's

14  declarations and documents and show that there is a genuine issue of material fact for

15  trial. If you do not submit your own evidence in opposition, summary judgment, if

16  appropriate, may be entered against you. If summary judgment is granted, your case will

17  be dismissed and there will be no trial.

18       **NOTICE -- WARNING (EXHAUSTION)**

19       If defendants file an unenumerated motion to dismiss for failure to exhaust, they

20  are seeking to have your case dismissed.  If the motion is granted it will end your case.

21       You have the right to present any evidence you may have which tends to show

22  that you did exhaust your administrative remedies.  Such evidence may be in the form of

23  declarations (statements signed under penalty of perjury) or authenticated documents,

24  that is, documents accompanied by a declaration showing where they came from and

25  why they are authentic, or other sworn papers, such as answers to interrogatories or

26  depositions.

27       If defendants file a motion to dismiss and it is granted, your case will be dismissed

28  and there will be no trial.

1          Plaintiff may file an opposition to Defendants' motion for summary judgment on

2    or before **August 1, 2012.**  Defendants **shall** file a reply brief within **7 days** of the date

3    any opposition is filed.  If Plaintiff does not file an opposition, Defendants' motion will

4    be decided on the papers that have already been filed.

5          IT IS SO ORDERED.

6    DATED:  <u>July 11, 2012</u>

7    _____

8    JEFFREY S. WHITE
     United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

REOMAN COLLINS,

        Plaintiff,

  v.

ALAMEDA COUNTY SHERIFF'S
DEPARTMENT et al,

        Defendant.

_____/

Case Number: CV11-00442 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 11, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Redman Collins F86368
CA State Prison at San Quentin
Carson #544
San Quentin, CA 94974

Dated: July 11, 2012

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk